IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAZARIO BURGOS | : | CIVIL ACTION |
| v. | : | |
| STEPHEN J. MCEWEN, J., ET AL. | : | NO. 10-3461 |

**MEMORANDUM**

LUDWIG, J.  AUGUST 19, 2010

Plaintiff, a prisoner, has filed a pro se civil rights complaint in which he names Pennsylvania Superior Court Judges Stephen J. McEwen, William A. Cerone, and John P. Hester, as the defendants. Plaintiff alleges that the defendants rendered a judgment in an appeal which he filed in Superior Court despite lacking subject matter jurisdiction, thereby denying his right to due process and his right to "petition the government for redress." He seeks declaratory and injunctive relief.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A, for the reasons which follow.

I.  **STANDARD OF REVIEW**

28 U.S.C. § 1915A(b) provides that the Court shall, in a civil action brought by a prisoner against a governmental officer or employee, dismiss the complaint or any portion thereof

"as soon as practicable" if the complaint - "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**II.    DISCUSSION**

The Supreme Court has held that federal civil rights claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for personal injury actions in the Commonwealth of Pennsylvania is two years. 42 Pa. C.S.A. § 5524. Unless otherwise tolled, the limitations period on federal civil rights claims begins to run when the claimant "knew or had reason to know of the injury that constitutes the basis of th[e] action." Sandutch v. Murowski, 684 F.2d 252, 254 (3d Cir. 1982 (per curiam).

Plaintiff asserts that the "Defendants knew . . . . that the lower court never addressed, or dismissed, Plaintiff's P.C.R.A. matter, therefore, no final order existed to invoke their jurisdiction over the subject matter." Nevertheless, the record in this case shows that on December 29, 2000, the Superior Court rendered a decision denying plaintiff's direct appeal and affirming the judgment of sentence. It is this decision which plaintiff claims violated his constitutional rights, and which forms the basis for this suit.

The Court need not address the merits of plaintiff's claim that the Superior Court lacked jurisdiction over his

appeal. Because it is apparent from the facts alleged in this case that plaintiff "knew or had reason to know" of the Superior Court's decision in his appeal more than two years before this complaint was filed, this civil action is now time-barred, and must be dismissed for that reason.

### III.  CONCLUSION

Based on the foregoing, dismissal of this complaint pursuant to 28 U.S.C. § 1915A(b) is authorized at this time. An appropriate order follows.